IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07cr144

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ANDRE CORBETT (1) ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon defendant Corbett's motion for severance of certain counts of the indictment, to bifurcate the trial of § 922(g) counts, and to sever his case from his co-defendant. (Doc. No. 35). For the reasons stated below, the Court will deny the motion.

I. BACKGROUND

The charges in the indictment relate to seven armed robberies allegedly committed by Corbett. (Doc. No. 1: Indictment). Co-defendant Belk is charged with conspiring with Corbett and participating in five of the seven robberies. Corbett is also charged with obstruction of justice, threatening a federal law enforcement officer, and using the mail to send a threatening letter. The alleged robberies were committed between September 29, 2004, and December 11, 2005.

II. LEGAL DISCUSSION

A. Severance of Bank Robbery Counts

The defendant claims that the offenses alleged in Counts Two, Three, and Four relating to a bank robbery should be severed because they occurred before the conspiracy alleged in Count One began. (Doc. No. 35: Motion at 1). He claims that evidence of the bank robbery will be used

to convict him of the other robberies related to the alleged conspiracy. (Doc. No. 35: Motion at 2).

Rule 8 of the Federal Rules of Criminal Procedure permits joinder of offenses that are "of the same or similar character," or "are connected with or constitute parts of a common scheme or plan." The Fourth Circuit has interpreted this rule flexibly, requiring only that joined offenses have a "logical relationship" with one another. United States v. Cardwell, 433 F.3d 378, 385 (4th Cir. 2005). Courts have a strong interest in judicial economy and joinder is the rule rather than the exception. United States v. Acker, 52 F.3d 509, 514 (4th Cir. 1995). Thus, courts routinely allow joinder of different robbery counts in the same indictment. Id. To avoid a joint trial, a defendant must show a serious risk that a jury would be prevented from making a reliable judgment about guilt or innocence. Cardwell, 433 F.3d at 388. Additionally, the risk of prejudice is neutralized with a proper instruction that the jury consider each charge separately. Id. Finally, a claim of prejudice is weakened when evidence of one offense would be admissible in the trial of another under Federal Rule of Evidence 404(b). United States v. Isom, 138 Fed. Appx. 574, 580 (4th Cir. July 12, 2005) (citing United States v. Bragan, 499 F.2d 1376, 1380 (4th Cir. 1974)). The Fourth Circuit has recognized that evidence of possession of a firearm on one occasion is admissible 404(b) evidence to prove possession of the firearm on a separate date charged in the indictment. United States v. Brown, 151 Fed. Appx. 286, 288 (4th Cir. Oct. 27, 2005).

Here, the defendant's comparison of the bank robbery to the charged conspiracy overlooks the similarity of the bank robbery to the other robberies allegedly committed by Corbett. The robberies occurred during a fifteen-month period. After Corbett was arrested following the last

alleged robbery,[1] he allegedly wrote a letter to a witness disclaiming responsibility for any bank robberies. Despite the differences between the locations and types of business targeted, the Court finds a logical connection between the offenses allegedly committed by the defendant during a short time frame and armed with a handgun.

The Court further finds that the defendant has not established a serious risk that the jury will not be able to return a reliable verdict if the offenses are tried together. The Court intends to instruct the jury to consider the evidence regarding each count separately. Additionally, the evidence of the defendant's alleged possession of a gun in the bank robbery may be offered under Rule 404(b) to establish its possession in other robberies. Thus, the risk of prejudice of a joint trial will be neutralized by a jury instruction and the defendant will suffer no additional prejudice from a joint trial because the evidence of the other offenses would be admissible in separate trials.

B. Bifurcation of § 922(g) Counts

For each of the seven robberies alleged in the indictment, Corbett is also charged with possessing a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g). He argues that bifurcated trial on these counts is required because trying them together does not benefit the government and subjects him to an unfair danger of prejudice. The Fourth Circuit has found § 922(g) and other counts can be tried together because the prejudicial effect of introducing a defendant's past conviction can be avoided through the use of a limiting instruction. <u>United States v. Silva</u>, 745 F.2d 840, 844 (4th Cir. 1984). Additionally, the defendant, if he chooses, can further diminish any prejudice by entering a stipulation regarding his status as a felon, which

---

[1] The December 11, 2005, robbery of a Dollar General in Salisbury, North Carolina, is not charged as a substantive crime in the indictment; however, the government contends it was part of the conspiracy. (Doc. No. 38: Trial Brief at 2 n.2).

could prevent the government from introducing the nature of his prior conviction. See Old Chief v. United States, 519 U.S. 172 (1997). Balancing fairness to the defendant and concerns for judicial economy leads the Court to conclude that a bifurcated trial is not required in this case. See United States v. Harris, No. 92-5088, 1993 WL 39569, slip op. at *3 (4th Cir. Feb. 18,1993) (bifurcated trial usually not required).

    C.    Severance from Belk

Finally, Corbett argues that he should not be tried with Belk, relying on Bruton v. United States, 391 U.S. 123 (1968) and other cases. (Doc. No. 35: Motion at 3). The government has responded by providing a redacted version of a letter from Belk which removes Corbett's name. (Doc. No. 37: Response, Exhibit 1). The redacted letter does not implicate Corbett and its admission in a joint trial with a limiting instruction would not violate Corbett's Fifth Amendment rights. Richardson v. Marsh, 481 U.S. 200, 211 (1987). Therefore, a separate trial is not required.

III.    CONCLUSION

**IT IS, THEREFORE, ORDERED** that the defendant's motion is DENIED.

The Clerk is directed to certify copies of this order to the defendants, counsel for the defendants, and to the United States Attorney.

    Signed: December 5, 2007

Robert J. Conrad, Jr.
Chief United States District Judge