IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv501
(3:07cr144)

| ANDRE CORBETT, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** comes before the Court on Petitioner's Motion to Vacate, Set Aside, and Correct Sentence under 28 U.S.C.§ 2255 (Doc. No. 1) and his Motion to Appoint Counsel (Doc. No. 2).

I. BACKGROUND

On December 14, 2007, a jury convicted Petitioner of seventeen violations of federal law, including two counts of obstruction of justice, in violation of 18 U.S.C. § 1503 (Counts Twenty-Nine and Thirty). (Criminal Case No. 3:07cr144, Doc. No. 51: Verdict Form). On October 6, 2008, the Court sentenced Petitioner to 1,692 months imprisonment. (Id., Doc. No. 76: Judgment). On April 2, 2010, the Fourth Circuit Court of Appeals affirmed all but the convictions for obstruction of justice and remanded the case for further proceedings. United States v. Corbett, 374 F. App'x 372, 381 (4th Cir. April 2, 2010), cert. denied, 130 S. Ct. 3338 (May 24, 2010). Although the Court has not yet conducted such further proceedings nor entered a new judgment, Petitioner filed the instant Motion to Vacate on the grounds that he received ineffective assistance of counsel. (Doc. No. 1).

II.     DISCUSSION

Rule 4(b) of the Rules Governing Section 2255 Proceedings directs courts to examine motions to vacate promptly in order to determine whether a petitioner is entitled to any relief on his claims. When it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that a petitioner is not entitled to relief, a court must dismiss the motion. Having conducted that review, the Court finds that Petitioner's Motion to Vacate must be dismissed as prematurely filed.

The Fourth Circuit has concluded that "'[a] judgment is not final if the appellate court has remanded the case to the lower court for further proceedings, <u>unless</u> the remand is for a purely 'ministerial' purpose involving no discretion, such as recomputing prejudgment interest according to a set formula.'" <u>United States v. Dodson</u>, 291 F.3d 268, 275 (4th Cir. 2002) (quoting <u>Richardson v. Gramley</u>, 998 F.2d 463, 465 (7th Cir. 1993)(emphasis in original)). Here, on remand, the Court will be required to do more than perform purely ministerial duties, including re-calculating Petitioner's advisory guideline sentencing range and imposing a sentence in light of that new range.

III.    CONCLUSION

Based upon the foregoing, the Court concludes that there is no final judgment for Petitioner to attack collaterally; therefore, the instant Motion to Vacate must be dismissed as prematurely filed.

**IT IS , THEREFORE, ORDERED** that:

1. Petitioner's motion to vacate (Doc. No. 1) is **DISMISSED without prejudice** to his right to file a new motion to vacate after the necessary proceedings are conducted and a new judgment is entered;

2. The dismissal of Petitioner's Motion to Vacate is not an adjudication on the merits; therefore, he will not be required to obtain pre-filing authorization from the Fourth Circuit before submitting a subsequent motion to vacate the new judgment;

3. Petitioner's Motion to Appoint Counsel (Doc. No. 2) is **DENIED as moot**; and

4. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability because Petitioner has failed to show, at a minimum, that the dispositive procedural ruling is debatable as required under 28 U.S.C. § 2253(c)(2). Slack v. McDaniel, 529 U.S. 473, 484-85 (2000) (in order to satisfy § 2253(c) when a court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right); Miller-El v Cockrell, 537 U.S. 322, 336-38 (2003).

Signed: November 15, 2010

Robert J. Conrad, Jr.
Chief United States District Judge